UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:06CR290 SNL |
| | ) | (FRB) |
| AUSTIN WELCH, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Defendant filed a Motion To Dismiss Counts X, XI and XVIII Of The Superseding Indictment, Or In The Alternative To Obtain A Bill Of Particulars For Count X Of The Superseding Indictment (Docket No. 229), to which the government has filed a Response (Docket No. 239). He also filed a Motion For Bill Of Particulars (Docket No. 198).

As grounds to dismiss Count X of the Superseding Indictment the defendant avers that the indictment is impermissibly vague and "fails to provide the defendant with notice of the particular manner and means by which [the conspiracy] was supposed to operate, of <u>any</u> specific acts supposedly taken in furtherance of

the conspiracy, or of the respective roles of the alleged co-conspirators." (Emphasis by defendant.)

The indictment is a plain, concise and definite statement of the essential facts constituting the offense charged and complies in all respects with Rule 7c, Federal Rules of Criminal Procedure. See 21 U.S.C. § 846; United States v. Ellender, 947 F.2d 748, 755-56 (5th Cir. 1991); United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988).

As an alternative to dismissal of Count X the defendant requests that the Court order the government to file a bill of particulars setting forth the evidentiary basis for the allegation that the conspiracy began on or about certain dates; the dates on which each coconspirator is alleged to have joined the conspiracy; all overt acts committed in furtherance of the conspiracy including dates, locations and participants in such acts; the dates, times and places in which defendant is alleged to have conspired with certain other named persons; and the names of any other persons with whom defendant is alleged to have conspired. The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent undue surprise at trial. United States v. Miller, 543 F.2d 1221, 1224 (8th Cir. 1976), cert. denied, 429 U.S. 1108 (1977). However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail or the government's theory of the case. United States v. Largent, 545 F.2d 1039 (6th Cir. 1976); United States v.

Matlock, 675 F.2d 981, 986 (8th Cir. 1982).  The indictment in this case is sufficiently precise that it informs the defendant of the charge against him to enable him to prepare a defense, to avoid the danger of surprise at trial, and to plead his acquittal or conviction as a bar to further prosecution on the same offense.  Wong Tai v. United States, 273 U.S. 77 (1927).  See also, United States v. Dunn, supra, at 1029-30.

The defendant moves to dismiss the charges made in the superseding indictment alleging that the government sought the superseding indictment adding an additional charge and changing the amount and kind of controlled substances alleged in the indictment "vindictively and to punish him because he is invoking his constitutional right to go to trial."  The government responds that the change made in the superseding indictment as to the amount and type of controlled substance alleged in the indictment was made and done after consultation with its expert witness who is to testify at trial and to conform the indictment to the substance of the witness' testimony.  The government further asserts that the additional count is an allegation of an act committed by the defendant during the conspiracy and serves to show the defendant's participation in the conspiracy.[1]

---

[1]Counts charging conspiracy to commit an offense and substantive acts committed as part of the conspiracy are properly joined in an indictment.  United States v. West, 312 F.Supp. 2d 605, 615 (D.Del. 2004).

A person cannot be punished for exercising his constitutional rights. Bordenkircher v. Hayes, 434 U.S. 357, 363 (1978); United States v. Goodwin, 457 U.S. 368, 372 (1982). Absent circumstances giving rise to a presumption of vindictive prosecution, see e.g. North Carolina v. Pearce, 395 U.S. 711 (1969), the burden is upon the defendant to come forward with evidence to show objectively that the decision to modify or seek additional charges was done with the purpose of punishing him for the exercise of a legal right. United States v. Kriens, 270 F.3d 597, 602 (8th Cir. 2001); United States v. Campbell, 410 F.3d 456, 461-62 (8th Cir. 2005). In Goodwin, supra, the Supreme Court noted that,

> There is good reason to be cautious before adopting an inflexible presumption of prosecutorial vindictiveness in a pretrial setting. In the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance. At this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystallized.

United States v. Goodwin, 457 U.S. at 381.

The Supreme Court also observed in Goodwin that,

> A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the social interest in prosecution. An initial decision should not freeze future conduct. As we made clear in Bordenkircher, the initial charges filed by a prosecutor may not reflect the

extent to which an individual is legitimately subject to prosecution.

Id. at 381-82.

The Court further observed in Goodwin that,

After initially expressing an interest in plea negotiation, (defendant) decided not to plead guilty and requested a trial by jury in District Court. In doing so, he forced the Government to bear the burdens and uncertainty of a trial. This Court in Bordenkircher made clear that the mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent changes in the charging decision are unjustified.

Id. at 382-83.

The defendant has not presented any evidence or information which would objectively show that the government's seeking of a superseding indictment in this cause was vindictive and intended to punish him for the exercise of his legal right to a jury trial. Indeed, the government has offered an explanation, unrebutted by the defendant, which shows that there was no such motivation in seeking the superseding indictment.

## Conclusion

For all of these reasons the defendant's motions should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion To Dismiss Counts X, XI and XVIII Of The Superseding Indictment, Or In

The Alternative To Obtain A Bill Of Particulars For Count X Of The Superseding Indictment (Docket No. 229) be denied.

**IT IS FURTHER RECOMMENDED** that defendant's Motion For A Bill Of Particulars (Docket No. 198) be denied.

The parties are advised that they shall have to and including **February 20, 2007,** in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

*Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of February, 2007.